UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RICHARD JAMES STUKE,  Civil No. 12-2099 (SRN/JSM)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

COLEY J. GROSTYAN, Esq.

    Defendants.

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. BACKGROUND

Plaintiff alleges that on November 3, 2011, he retained Defendant, a Minnesota lawyer, to represent him in a legal matter. It is not clear why Plaintiff retained Defendant, but it is clear that Defendant failed to provide the legal services Plaintiff wanted. According to Plaintiff's complaint, there were "personal issues" that caused Defendant to "withdraw from the Representation retained by" Plaintiff. (Complaint, [Docket No. 1], p. 4, § 6(d).)

Plaintiff is now trying to sue Defendant for allegedly violating his federal constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments to the Federal Constitution. (Id., pp. 2-3, § 3.) It is unclear whether Plaintiff

is seeking an injunction that would compel Defendant to provide legal services, or some other form of relief.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, it is evident that Plaintiff is attempting to sue Defendant under 42 U.S.C. § 1983 – the federal civil rights statute that allows a person to seek relief for alleged violations of his federal constitutional rights. However, to plead an actionable § 1983 civil rights claim, a claimant must allege, (and ultimately prove), that the named defendant violated the claimant's constitutional rights, while the defendant was acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff cannot sue Defendant under § 1983, (or otherwise), for allegedly violating his federal constitutional rights, because there are no allegations suggesting that Defendant is a state actor. See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), cert. denied, 535 U.S. 1017 (2002). Because Plaintiff has failed to

2

plead an actionable § 1983 claim, the Court will recommend that his pending IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).[1]

## III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 12, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 26, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[1] Although Plaintiff alleges that his constitutional rights were violated, it appears that he is really claiming that Defendant breached a contractual obligation, (not a constitutional obligation), to provide legal services. If that is the true nature of Plaintiff's claim, then he might be able to bring a breach-of-contract claim against Defendant under Minnesota state law. However, no such state law claim could be entertained in federal court due to a lack of federal subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).