# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard James Stuke,<br><br>       Plaintiff,<br><br>v.<br><br>Coley J. Grostyan, Esq.,<br><br>       Defendant. | Case No. 12-cv-2099 (SRN/JSM)<br><br>**ORDER ADOPTING<br>REPORT AND RECOMENDATION** |

Richard James Stuke, pro se, 348 Wabasha Street North, Suite 939, Ramsey, St. Paul, Minnesota, 55102, Plaintiff.

Coley J. Grostyan, Esq., 701 4th Avenue South, Suite 300, Minneapolis, Minnesota, 55415, Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Richard James Stuke's Objection (Doc. No. 12) to United States Magistrate Judge Janie S. Mayeron's September 12, 2012, Report and Recommendation ("R & R"). (Doc. No. 11.) The Magistrate Judge recommended that the Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that his application to proceed in forma pauperis ("IFP") be denied. (Id.) For the reasons set forth below, Plaintiff's objections are overruled and the Court adopts the R & R.

## II.  BACKGROUND

The factual and procedural background of Plaintiff's case is documented in the

Magistrate Judge's R & R and is incorporated herein by reference.[1]  Briefly stated, on November 3, 2011, Plaintiff claims he retained Minnesota Attorney Coley J. Grostyan ("Defendant") to represent him in a legal matter.  (Complaint, Doc. No. 1, at p. 4.)  The precise nature of the legal matter is unclear.  (See id.)  Plaintiff asserts that Defendant breached the signed Criminal Pre-charging Retainer Agreement ("Retainer Agreement") by failing to represent Plaintiff.[2]  (Id.)  Defendant allegedly stated that he had "personal issues" that made him unable to provide Plaintiff any legal services.  (Id.)

Plaintiff filed a complaint with this Court, asserting that Defendant's breach of the Retainer Agreement violated the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments of the United States Constitution.  (Id. at pp. 2–3.)  He requests the Court provide relief by ordering (1) Defendant to attend alternative dispute resolution as ordered by Minnesota's Second Judicial District in Stuke v. Grostyan, No. 62-CV-12-6351 (Minn., Aug. 7, 2012); and (2) an omnibus hearing to review Defendant's behavior to ensure discovery and other evidentiary matters are proceeding properly in that same case.  (Id. at pp. 5–6.)  Plaintiff also applied to proceed IFP.  (Application to Proceed in District Court Without Prepaying fees or Costs, Doc. No. 2, at pp. 1–6.)  The Magistrate Judge recommended dismissing Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying Plaintiff's application to proceed IFP.  (R & R, Doc. No. 11, at p. 3.)  Plaintiff objects to both recommendations.  (Objection, Doc. No. 12, at pp. 2–8.)

---

[1] The Court recites background facts only to the extent necessary to rule on Plaintiff's objections.

[2] The alleged Retainer Agreement is not in the record. (See Doc. Nos. 1–13.)

## III. DISCUSSION

### A. Standard of Review

The district court reviews de novo those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). The objections must be "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72; accord D. Minn. LR 72.2(b). Based on its de novo review, this Court adopts the R &R in its entirety.

### B. Objections

#### 1. Recommendation to Dismiss Action

Plaintiff objects to the Magistrate Judge's recommendation that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Objection, Doc. No. 12, at pp. 2–3.) He argues that this Court should order Defendant to provide legal services according to the Retainer Agreement and pay Plaintiff $50,000 for the legal work Plaintiff has had to complete himself because of Defendant's breach. (Id.) The Magistrate Judge properly determined that Plaintiff is suing Defendant under 42 U.S.C. § 1983, a statute which allows a plaintiff relief for federal constitutional violations by a showing of "alleged deprivation . . . committed by a person acting under color of state law." Neighborhood Enters., Inc. v. City of St. Louis, 540 F.3d 882, 885 (8th Cir. 2008)(citing W. v. Atkins, 487 U.S. 42, 48 (U.S. 1988)). "Color of state law" is defined as a state action, which "requires both an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom

the State is responsible, <u>and</u> that the party charged with the deprivation must be a person who may fairly be said to be a state actor." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999)(citations and quotations omitted); <u>See</u> <u>Carlson v. Roetzel & Andress</u>, 552 F.3d 648, 650 (8th Cir. 2008)("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.") (citations omitted).

A private party—like the Defendant, a private attorney—cannot be construed as engaging in state action unless the government is "so entangled in private conduct . . . that the deed of an ostensibly private . . . individual is to be treated . . . as if a State had caused it to be performed." <u>Wickersham v. City of Columbia</u>, 481 F.3d 591, 597 (8th Cir. 2007). There is no indication that Defendant's failure to provide legal services pursuant to the Retainer Agreement constituted such an entanglement with the government. (<u>See</u> Complaint, Doc. No. 1, at pp. 1–6.) Plaintiff's Objection merely reiterates facts in the Complaint, discusses contracts law, and requests additional relief.[3] (Objection, Doc. No. 12, at pp. 2–3.) It does not dispute the Magistrate Judge's finding that Defendant did not engage in state action under the § 1983 claim. Rather, it strengthens the argument that there may be a breach of contract claim instead of a § 1983 claim. The Magistrate Judge correctly decided that the 42 U.S.C. § 1983 action be dismissed.

---

[3] The Plaintiff requested different relief, an order and an omnibus hearing, in his Complaint. (Complaint, Doc. No. 1, at pp. 5–6.)

### 2. Recommendation to Deny Application for IFP

Plaintiff also objects to the Magistrate Judge's recommendation that his application for IFP be denied. (Objection, Doc. No. 12, at pp. 3–4.) He contends that IFP should be granted because the Minnesota state court granted it and legal issues should not be decided according to the wealth of the parties. (Id.) The courts have held that "a district court may dismiss an action filed in forma pauperis at any time if the court determines that the action fails to state a claim on which relief may be granted." Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(citations and quotations omitted); 28 U.S.C. § 1915(e)(2)(B)(ii).

The Magistrate Judge correctly recommended denial of IFP for the same reason she recommended this action be dismissed, because Plaintiff "failed to plead an actionable § 1983 claim." (R & R, Doc. No. 11, at p. 3.) The state court decision to grant a different IFP application does not require this Court to grant the IFP in federal court. Moreover, the recommendation was not based on the wealth of the parties—the Defendant's financial status is not even in the record—but on the failure to state an actionable § 1983 claim. (See Doc. Nos. 1–13.) Therefore, the Magistrate Judge properly recommended that the application to proceed IFP be denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections (Doc. No. 12) to the Magistrate Judge's September 12, 2012, R & R (Doc. No. 11) are **OVERRULED;**

2. The Magistrate Judge's R & R (Doc. No. 11) is **ADOPTED**;

3. Petitioner's Application for In Forma Pauperis is **DENIED**; and

4. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 4, 2012						s/Susan Richard Nelson
											SUSAN RICHARD NELSON
											United States District Judge