**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Richard James Stuke,<br><br>        Plaintiff,<br><br>v.<br><br>Coley J. Grostyan, Esq.,<br><br>        Defendant. | Case No. 12-cv-2099 (SRN/JSM)<br><br><br>**ORDER** |

Richard James Stuke, pro se, 348 Wabasha Street North, Suite 939, Ramsey, St. Paul, Minnesota, 55102, Plaintiff.

Coley J. Grostyan, Esq., 701 4th Avenue South, Suite 300, Minneapolis, Minnesota, 55415, Defendant.

SUSAN RICHARD NELSON, United States District Court Judge

## I.   INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Richard James Stuke's Notice of Request and To Set Aside Judgment and Motion to Amend his Complaint. (Doc. No. 16.) For the reasons set forth below, the Court denies Plaintiff's Motion.

## II.   BACKGROUND

On November 3, 2011, Plaintiff claims he retained Minnesota Attorney Coley J. Grostyan ("Defendant") to represent him in a legal matter. (Compl., Doc. No. 1, at p. 4.) The precise nature of the legal matter is unclear. (See id.) Plaintiff alleges that Defendant breached a signed Criminal Pre-charging Retainer Agreement ("Retainer Agreement") by

failing to represent Plaintiff.[1]  (Id.)  According to Plaintiff, Defendant told him that he had "personal issues," making him unable to provide Plaintiff with legal services.  (Id.)

Plaintiff filed a complaint with this Court on August 24, 2012, asserting 42 U.S.C. § 1983 claims against the Defendant for violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments of the United States Constitution by breaching the Retainer Agreement.[2]  (Id. at pp. 2–3.)  The Magistrate Judge recommended dismissing Plaintiff's 42 U.S.C. § 1983 action because there was no state action.  (R & R, Doc. No. 11, at pp. 2–3.)  Plaintiff objected to the recommendation, which this Court overruled.  (Order, Doc. No. 14, at pp. 3–4.)  On October 4, 2012, Plaintiff's 42 U.S.C. § 1983 action was dismissed with prejudice.  (Id. at p. 6.)  After the Court dismissed Plaintiff's action, on October 18, 2012, Plaintiff filed a motion purportedly to set aside judgment and permit him to amend his complaint.[3]  (Notice to Set Aside J. and Mot. to Am. Compl., Doc. No. 16, at pp. 1–2.)

### III.    DISCUSSION

Plaintiff filed a motion to set aside the judgment in this matter and permit him to amend his complaint after this Court dismissed his 42 U.S.C. § 1983 action with

---

[1]    A copy of the alleged Retainer Agreement is not in the record. (Cf. Doc. Nos. 1–18.)

[2]    This Court has previously determined that the allegations in Plaintiff's complaint were based on 42 U.S.C. § 1983, which provides relief for federal constitutional violations.  (Order, Doc. No. 14, at p. 3.)

[3]    While the title of the motion mentions a notice to set aside judgment, the Plaintiff does not address that request anywhere in the motion.  (See Notice to Set Aside J. and Mot. to Am. Compl., Doc. No. 16, at pp. 1–2.)

prejudice. (See Notice to Set Aside J. and Mot. to Am. Compl., Doc. No. 16, at pp. 1–2; Order Adopting Report and Recommendation, Doc. No. 14, at pp. 3–4.) The Eight Circuit has held that, "[a]lthough a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. After a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates." Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1050 (8th Cir. 2010) (citing Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985)). A motion to amend a complaint after it has been dismissed is "inappropriate if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." Id.

On October 4, 2012, this Court dismissed Plaintiff's 42 U.S.C. § 1983 action because the statute requires the person charged to be a state actor, which the Defendant is not. (Order, Doc. No. 14, at pp. 3–5.) As such, the Court dismissed Plaintiff's action with prejudice and directed the Clerk of the Court to enter judgment against the Defendant. (Id.) Accordingly, under Hawks, Plaintiff's right to amend his complaint has terminated and the Court denies his motion to amend. Any further relief Plaintiff seeks must be sought on appeal.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Set Aside Judgment and Amend Complaint (Doc. No. 16) is **DENIED**.

Dated: November 8, 2012         s/ Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge